STATE OF MAINE
PENOBSCOT, SS.

DISTRICT COURT
NEWPORT
CIVIL ACTION
Docket No. RE-01-66

JLH -PEN- 3/4/06

Kenneth Huynh,
    Plaintiff

v.                                          Decision and Judgment

Ralph Robbins et al.,
    Defendants


Hearing on the amended complaint and on the "counterclaim" of defendant (counterclaim plaintiff) Green Tree Servicing LLC[1] was held on January 4, 2006. A representative of defendant Town of Dexter was present, and the plaintiff was present for a portion of the trial. Counsel for the plaintiff, Town of Dexter and Green Tree were present. Following the trial, the participating parties[2] filed written argument, which the court has considered. Through the pending claims, the parties seek an adjudication of their rights in real property located in Dexter, Maine, that had been the subject of a municipal tax foreclosure.

In September 1996, Ralph Robbin acquired record titled to property located on the Zions Hill Road in Dexter. Immediately thereafter, Conseco Financing Servicing Corporation (now Green Tree Servicing LLC[3]) acquired a mortgage interest in the

---

[1] Green Tree's "counterclaim" is actually a combination of a true counterclaim asserted against the plaintiff and cross-claims directed against the other defendants.

[2] A default was entered previously against defendant Ralph Robbins, and he has not entered an appearance or otherwise participated in this proceeding.

[3] As part of an order issued in a bankruptcy proceeding during the pendency of this action, Green Tree succeeded the interests of Conseco.

property.[4] On the commitment date of August 5, 1998, real estate taxes for of $832.50 were assessed against Robbins' property for the tax year 1998-99. Robbins failed to pay this tax liability by the due date in November 1998. In June 1999, Marilyn Curtis, the tax collector for the Town of Dexter, issued a notice to and demand for payment from Robbins (plaintiff's exhibit 4). *See* 36 M.R.S.A. § 942. Robbins did not satisfy this tax obligation within 30 days of the date of the notice, and within the time allowed by statute, *see id.*, Curtis then recorded a tax lien certificate in the Penobscot County Registry of Deeds (plaintiff's exhibit 5).

With respect to properties that are subject to a prospective municipal tax lien Curtis' practice is to conduct a title search of the property to determine whether there has been any pertinent change in the status of title. In fact, the Robbins property was subject to Conseco's mortgage. However, due to staffing inadequacies in Curtis' office, when Curtis was preparing to record the tax lien for the delinquent 1998-99 taxes, the Town did not learn of Conseco's interest in the property and consequently at that time did not send Conseco a copy of the tax lien certificate to which it was entitled under section 942.

Robbins failed to pay his property taxes again in 1999. During the process of issuing a demand for payment to Robbins, Curtis gained actual knowledge that Conseco held a mortgage (lien) interest in the property. In July 2000, she therefore sent the notice required by section 942 to Robbins and to Conseco. *See* plaintiff's exhibit 6. The Conseco notice was mailed to an address in Bedford, New Hampshire, which was the address on file in the town office. A Conseco representative signed a receipt acknowledging receipt of the municipal notice on September 5, 2000. *Id.* When Curtis sent Conseco the unified notice of delinquency and demand for payment of the 1999-2000 taxes, she also sent Conseco a copy of the tax lien certificate that she had recorded in July 1999 as part of the Town's enforcement of the outstanding 1998-99 taxes.[5] In November. Robbins released his interest in the property to Conseco.

---

[4] These transactional facts are established in the pleadings.

[5] Conseco disputes the evidence that Curtis included a copy of the July 1999 tax lien certificate with the demand and notice for the taxes that became due in 2000. The best available evidence, however, supports the contrary conclusion, namely, that Curtis sent both documents to Conseco.

2

The 1998-99 taxes remained unpaid through December 2000. Accordingly, the Town elected to proceed to automatic foreclosure and, pursuant to section 943, sent notice of the impending foreclosure to Robbins and to Conseco. *See* plaintiff's exhibit 9. Robbins' notice was returned as undeliverable. A Conseco representative, on the other hand, signed an acknowledgement of receipt of the notice on December 18, 2000. However, Curtis sent the Conseco notice to an address in St. Paul, Minnesota rather than to the New Hampshire address she had used for the section 942 notice issued in July. She did so because she had received a form notice from Conseco, advising that it had merged with Green Tree. *See* plaintiff's exhibit 7. The notice also stated, "Please change the billing name [from Green Tree to Conseco] on future invoices to reflect the applicable legal entity. Your normal company contact and the billing address will not change." The return mailing address on this notice was the Minnesota address to which Curtis directed the notice of impending automatic foreclosure.

In late December or early January -- after Conseco received the section 943 notice , Linda Murphy, who is Conseco's "finance officer" and who is based in Conseco's New Hampshire office, *see* plaintiff's exhibit 15, called Curtis with assurances that the tax arrearages would be paid prior to the expiration of the redemption period[6] and inquired about the amount due. Curtis calculated that the balance as of that date (an accumulation of three years of taxes) was $2,853.66, *see* plaintiff's exhibit 11, and advised Conseco accordingly. As of the expiration of the eighteen month statutory redemption period in late January 2001,[7] the taxes remained unpaid, and, on the basis of the unpaid taxes from 1998-99, the Town conducted a public sale of the property. Huynh submitted the only bid, and in June 2001 the Town executed a release deed to him. *See* plaintiff's exhibit 12.

---

[6] Minutes from a meeting of the town council recount the conversation between Curtis and Murphy. That record establishes that Murphy insisted that Conseco would pay the arrearage prior to the "deadline." Because Conseco had received the notice of impending automatic foreclosure shortly prior to this conversation, the court treats the reference to a "deadline" as the expiration of the redemption period under section 943.

[7] The redemption period was triggered when the Town recorded the lien certificate in the Registry of Deeds in June 1999.

Hunyh commenced this action seeking to establish the legitimacy of the interest he acquired from the Town. In a counterclaim, Green Tree contends that because the Town did not send the section 942 notice within the time period prescribed by that statute, and because it did not send the section 943 notice to the correct address as defined by that statute, the foreclosure process was invalid. The court separately addresses the application of these two statutes to the circumstances at hand.

It is evident that the Town did not provide Conseco with timely notice of the tax lien certificate arising from the outstanding 1998-99 tax liability.[8] Section 942 requires that "[a]t the time" a municipality records a tax lien certificate with a registry of deeds, a copy of the instrument must be sent to all mortgagees. In this case, Curtis overlooked the existence of Conseco's interest and did not send a copy to Conseco at the time she recorded the tax lien certificate in the Penobscot County Registry of Deeds. If the mortgagee does not receive actual notice through some other means, then such a failure of notice could result in a mortgagee's ignorance that the property in which it has an interest is subject to foreclosure, thus depriving it of an opportunity to take steps to protect its interest by, for example, extinguishing the liability underlying the lien within the redemption period that commences when the lien is recorded. In that circumstance, section 943 provides relief to a mortgagee because it creates an enlarged redemption period extending beyond the standard 18 months that otherwise commences when the municipality does send notice that it has recorded the tax lien certificate. That enlarged redemption period is triggered when the mortgagee is given actual notice that the municipality recorded the lien certificate.[9]

---

[8] The Town has never sent Conseco the initial notice of unpaid taxes required by section 942. That statute, however, obligates a municipality to send that notice "to the person against whom the tax is assessed. . . ." Here, that person was Robbins, and the Town did sent notice to him. In distinction to the requirements associated with this initial notice, when a municipality records a tax lien certificate with a registry of deeds, the town official must send a copy of the certificate to each mortgagee, which is Conseco. The Town's failure to send Conseco a copy of the lien certificate "[a]t the time of the recording" is the defect at issue here.

[9] Section 932 provides in pertinent part:

Here, the Town eventually sent Conseco a copy of the tax lien certificate. It did so in September 2000, which was well after the notification date contemplated by section 942. This notification amounted to actual notice, because a Conseco representative signed an acknowledgement of receipt for that document, which accompanied the notice and demand for the 1999-2000 taxes, and because it was sent to the New Hampshire address that Green Tree argues here was the correct one for such notices. When Conseco received this actual notice that the lien certificate for the 1998-99 taxes had been recorded, more than four months remained in the eighteen-month redemption period, which began when the Town recorded the lien certificate on July 23, 1999. When a municipality does not satisfy the notice requirements associated with the recording of the lien certificate, section 943 ensures that the mortgagee receive three months of actual notice (which, in fact, is more stringent requirement than the mere mailing requirement imposed when the certificate is recorded) to pay the taxes and redeem the property. In this case, Conseco had more than four months, during which it was actually aware that the Town had filed the lien cerificate, to redeem the property. Because of the savings provision of section 943, the Town's failure to provide Conseco with contemporaneous notice of the recording does not affect the subsequent proceedings affecting the property's disposition.

The next question centers on the adequacy of the notice of imminent foreclosure sent by the Town to Conseco in December 2000. This issue is generated by the transmission of the notice to Conseco's Minnesota office rather than to its New Hampshire address. The court concludes that this notice was sufficient.

Section 943 directs a municipality to send written notice of impending automatic foreclosure to an interested party's "last known address." The statute goes on to provide

---

After the expiration of the 18-month period for redemption, the mortgagee of record of said real estate or his assignee and the owner of record if the said real estate has not been assessed to him or the person claiming under him shall, in the event the notice provided for said mortgagee and said owner has not been given as provided in section 942, have the right to redeem the said real estate within 3 months after receiving actual knowledge of the recording of the tax lien certificate by payment or tender of the amount of the tax lien mortgage, together with interest and costs, and the tax lien mortgage shall then be discharged by the owner thereof in the manner provided.

that "[i]f notice is not given in the time period specified in this section to the party named on the tax lien mortgage or to any record holder of a mortgage," then the redemption period may be enlarged from the day of a subsequent notice. The evident purpose of this requirement is to allow the greatest chance that the party will actually receive the notice. Here, as is reflected in the court's findings set out above, Conseco in fact received notice of the impending automatic foreclosure. Because the Town actually accomplished the result that the Legislature intended, then if the Town used an address other than Conseco's "last known address," any deviation from the statute is inconsequential. *See Fleming v. Commissioner, Department of Corrections*, 2002 ME 74, ¶ 10, 795 A.2d 692, 695.

Second, the court is not persuaded by Conseco's contention that the mailing address used by the Town was improper under the terms of section 943. The Conseco-Green Tree merger notice itself had a return address in St. Paul, Minnesota. This became one of the two addresses last known to the Town; the other remained in New Hampshire. Although the contents of the merger notice indicated that the "normal company contact and business address will not change," the fact remains that Conseco also provided the Town with a Minnesota address for itself. Conseco therefore created an ambiguous situation because of the two addresses. This puts Conseco in a difficult position to now argue that the Town should have used one address to the exclusion of the other. Although during her testimony Curtis was contrite about her choice of address, the court concludes that that choice was not outside of the bounds of section 943.

For these reasons, the court concludes that the foreclosure based on the outstanding 1998-99 taxes was in conformity with applicable statute, that Conseco's interest in the property was extinguished and that by obtaining title through foreclosure, the Town acquired an interest that it was entitled to convey to Huynh. Judgment on the complaint therefore will be entered for the plaintiff, and judgment on the "counterclaim" will be entered adverse to Green Tree. A default has been entered on Green Tree's "counterclaim" (in actuality, a cross-claim) against Robbins because Robbins has not appeared. However, no relief can be granted for Green Tree against Robbins because there is no basis for any such relief in light of the court's disposition of the issues affecting the property.

The entry shall be:

For the foregoing reasons, on the complaint judgment is entered for the plaintiff. The court concludes that the Town of Dexter acquired title by foreclosure to property located in Dexter, Maine and described in a deed recorded at book 7756 page 135 in the Penobscot County Registry of Deeds and that it conveyed said property to the plaintiff free of any claim that may be asserted by.

On all aspects of the "counterclaim" of defendant Green Tree Servicing LLC, including those claims that may be treated as cross-claims, judgment is entered for the plaintiff and for the remaining parties (the "counterclaim" defendants).

This order shall constitute a final adjudication of all claims.

The plaintiff is awarded his costs of court.

Dated: March 4, 2006

_____
Justice, Maine Superior Court
sitting in Maine District Court
Jeffrey L. Hjelm

7

03/07/2006   MAINE JUDICIAL INFORMATION SYSTEM   ksmith
       NEWPORT DISTRICT COURT     mjxxi048
       CASE PARTY ADDRESS BOOK

KENNETH HUYNH VS RALPH ROBBINS ET AL
UTN:AOCSsr  -2001-0105838     CASE #:NEWDC-RE-2001-00066
--------------------------------------------------------------------------

KENNETH HUYNH            PL
ATTY THISTLE, DALE F.   Tel# (207) 368-7755
ATTY ADDR:PO BOX 160 NEWPORT ME 04953-0160


RALPH ROBBINS            DEF

MAIL ADDR:480 W ETNA RD ETNA ME 04434-3421

TOWN OF DEXTER           DEF
ATTY KLEIN, PETER  Tel# (207) 947-0111
ATTY ADDR:80 EXCHANGE ST PO BOX 1210 BANGOR ME 04402-1210